## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MICHAEL R. FANNING, as CHIEF EXECUTIVE OFFICER OF THE CENTRAL PENSION FUND OF THE INTERNATIONAL UNION OF OPERATING ENGINEERS AND PARTICIPATING EMPLOYERS** 4115 Chesapeake Street, N.W. Washington, D.C. 20016, | ) ) ) ) ) ) ) |
| **Plaintiff,** | ) ) |
| **v.** | ) ) |
| **CBRE TECHNICAL SERVICES, LLC** 2100 Ross Avenue, Suite 1600 Dallas, Texas 75201 | ) ) ) ) |
| Serve:  **Registered Agent** **CT Corporation System** **1999 Bryan Street, Suite 900** **Dallas, Texas 75201** | ) ) ) ) ) |
| **Defendant.** | ) ) |

## COMPLAINT

### (TO COLLECT CONTRIBUTIONS AND DAMAGES DUE TO EMPLOYEE BENEFIT FUND AND FOR EQUITABLE RELIEF)

Plaintiff, pursuant to Federal Rule of Civil Procedure 8(a), hereby alleges the following:

### PARTIES

1.     Plaintiff, Michael R. Fanning, is the Chief Executive Officer of the Central Pension Fund of the International Union of Operating Engineers and Participating Employers (hereinafter "Central Pension Fund").  The Central Pension Fund is an employee benefit plan as that term is defined in Section 3(1) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1002(1).  The Central Pension

Fund is a multiemployer plan as that term is defined in Section 3(37) of ERISA, 29 U.S.C. § 1002(37). The Central Pension Fund was established and is maintained in accordance with its Restated Agreement and Declaration of Trust. The Central Pension Fund is administered by the Trustees at 4115 Chesapeake Street, N.W., Washington, D.C. 20016. The Plaintiff, Michael R. Fanning, C.E.O. of the Central Pension Fund, is a designated fiduciary in accordance with the Central Pension Fund's Restated Agreement and Declaration of Trust and as defined in Section 3(21) of ERISA, 29 U.S.C. § 1002(21).

2.      Defendant CBRE Technical Services, Inc. is a Texas corporation with an office located at 2100 Ross Avenue, Suite 1600, in Dallas, Texas, and at all times relevant to this action has been an "employer in an industry affecting commerce" as defined in Sections 3(5), (9), (11), and (12) of ERISA, 29 U.S.C. §§ 1002(5), (9), (11) and (12), and Section 3 of the Multi-Employer Pension Plan Amendments Act of 1980, 29 U.S.C. § 1001a.

**JURISDICTION AND VENUE**

3.      This is an action to collect contributions due to an employee benefit plan under the terms of a collective bargaining agreement and a trust agreement. This Court has subject matter jurisdiction under §§ 502(a)(3), (g) and 515 of ERISA, 29 U.S.C. §§ 1132(a)(3), (g) and 1145.

4.      This Court has personal jurisdiction over the Defendant pursuant to Section 502 of ERISA, 29 U.S.C. § 1132(e)(2).

2

5.      Venue is proper in this district pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2).

## FACTS

6.      Defendant has been bound at all relevant times to various Collective Bargaining Agreements and Participating Agreements with International Union of Operating Engineers Local Unions that govern the wages, benefits and terms and conditions of employment of certain employees performing work for the Defendant within the jurisdiction of the Local Unions.

7.      Pursuant to the Agreements the Defendant agreed to pay certain sums of money to the Central Pension Fund for certain hours worked by employees of the Defendant performing work covered by the Agreements.

8.      During the period of January 2012 to December 2014 the Defendant employed employees performing work covered by the Agreements.

9.      During the period of January 2012 to December 2014 the Defendant failed to pay all contributions owing to the Central Pension Fund.

10.     Pursuant to the Central Pension Fund's Restated Agreement and Declaration of Trust an employer who fails to pay required contributions is liable for liquidated damages in the amount of 20% of the total contributions owed.

11.     Pursuant to the Central Pension Fund's Restated Agreement and Declaration of Trust an employer who fails to pay required contributions is liable for interest at the rate of 9% per annum.

12.     Pursuant to the Central Pension Fund's Restated Agreement and Declaration of Trust an employer who fails to pay required contributions is liable for all attorneys' fees, audit fees and costs.

## COUNT I

### (UNPAID CONTRIBUTIONS AND DAMAGES OWED TO EMPLOYEE BENEFIT FUND)

13.     Plaintiff hereby restates and incorporates by reference the allegations set forth in paragraphs 1 through 12 as if fully set forth in this Count I.

14.     In March 2016 Calibre CPA Group PLLC performed a payroll audit of the records supplied by the Defendant for Employer Identification Number 10748 covering 79 account numbers for the period of January 2012 to December 2014 for work performed under the Agreements within the jurisdictions of International Union of Operating Engineers Local Union Nos. 1, 18, 95, 99, 148, 286, 324 and 399 at various locations.

15.     The results of the audit revealed that during the months of January 2012 to December 2014 the Defendant failed to pay all contributions owing to the Central Pension Fund under the Agreements in the total amount of $49,339.09.

16.     The Plaintiff first became aware of this delinquency as a result of the audit findings.

17.     The Defendant failed to pay the amount of contributions owing to the Central Pension Fund as revealed by the audit.

18.     By virtue of the failure to pay all amounts as contractually required, the Defendant is in contravention of the Agreements, the obligations under the Central Pension Fund's Restated Agreement and Declaration of Trust, and Section 515 of ERISA.

19.     The Defendant has failed to pay liquidated damages and interest for late and unpaid contributions owed to the Central Pension Fund as well as the cost of the audit.

20.     The Central Pension Fund is entitled to judgment for all remaining contributions owed, plus all unpaid liquidated damages and interest owed on late and unpaid contributions, plus attorneys' fees, costs and audit fees against the Defendant.

**COUNT II**

**(AUDIT)**

21.     Plaintiff hereby restates and incorporates by reference the allegations set forth in paragraphs 1 through 20 as if fully set forth in this Count II.

22.     An audit of the Defendant's records from January 2015 to December 2016 will permit the Plaintiff to determine whether the Defendant is properly reporting the amounts owed to the Plaintiff.

23.     Under the terms of the Plaintiff's Restated Agreement and Declaration of Trust, Plaintiff is entitled to conduct an audit of Defendant's records, at the Defendant's expense.

**WHEREFORE,** Plaintiff prays judgment against the Defendant on Counts I and II of the Complaint as follows:

A.     For unpaid contributions due and owing to the Plaintiff for work performed during the months of January 2012 to December 2014 in the amount of $49,339.09

B.     For liquidated damages and interest for any late and unpaid contributions owed as provided for in the Central Pension Fund's Restated Agreement and Declaration of Trust and pursuant to 29 U.S.C. § 1132(g)(2) and up to the date of judgment.

C.     For costs, audit fees and reasonable attorneys' fees as required by 29 U.S.C. § 1132(g)(2) and the Central Pension Fund's Restated Agreement and Declaration of Trust up to the date of judgment.

D.     For a Court Order requiring Defendant to submit all necessary books and records to Plaintiff for audit at the Defendant's cost for the period of January 2015 through December 2016.

E.     For any and all contributions, liquidated damages, and interest owed to the Plaintiff which become due as a result of the audit and up to the date of judgment plus costs, interest, audit and reasonable attorneys' fees pursuant to the Agreements, the Plaintiff's Restated Agreement and Declaration of Trust, and 29 U.S.C. § 1132(g)(2).

F.     Such further relief as the Court deems appropriate.

Respectfully submitted,

Dated:  December 22, 2016

**O'DONOGHUE & O'DONOGHUE LLP**
4748 Wisconsin Avenue, N.W.
Washington, D.C. 20016
Telephone: (202) 362-0041
Facsimile: (202) 327-1200
rhopp@odonoghuelaw.com

By: _____

R. Richard Hopp (Bar No. 432221)

*Attorney for the Plaintiff*